ACCEPTED
12-14-00274-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/12/2015 3:51:04 PM
CATHY LUSK
CLERK

**ORAL ARGUMENT NOT REQUESTED**

**CAUSE NO. 12-14-00274-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/12/2015 3:51:04 PM
CATHY S. LUSK
Clerk

**IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS**

---

**BRANDON KEIONE WILLIAMS,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee

---

**Appeal in Cause No. 31599
On Appeal from the Third Judicial District Court
of Anderson County, Texas**

---

**BRIEF FOR STATE**

---

Scott C. Holden
1st Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
Palestine, Texas 75801
Texas Bar No. #24036795
903/723-7400

i

## IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE BASCOM W. BENTLEY III

**DEFENDANT/APPELLANT:**

BRANDON KEIONE WILLIAMS

**FOR THE DEFENDANT:**

TRIAL ATTORNEY
COLIN MCFALL
617 EAST LACY ST., SUITE 106
PALESTINE, TEXAS 75801

APPELLATE COUNSEL
PHILIP FLETCHER
800 N. MALLARD ST
PALESTINE, TX 75801

**FOR THE STATE:**

TRIAL COUNSELS
STANLEY SOKOLOWSKI
FORMER 1ST ASST. CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY

ON APPEAL
SCOTT C. HOLDEN
1ST ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 N. CHURCH STREET, RM. 38
PALESTINE, TX 75801
(903) 723-7400

# TABLE OF CONTENTS

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . iv

Statement of the Case . . . . . . . . 1

Issues Presented . . . . . . . . . 1

Statement of Facts . . . . . . . . . 1-2

Summary of Argument . . . . . . . . 2

State's Reply to Appellant's Point of Error 1 . . . . 3-5

Prayer . . . . . . . . . . 5

Certificate of Service and word Count . . . . . 6

# INDEX OF AUTHORITIES

**Cases**                                                                                 **Page**

*Casey v. State*, 215 S.W.3d 870 (Tex.Crim.App. 2007) . . . 3

*Creager v. State*, 952 S.W.2d 852 (Tex.Crim.App. 1997) . . . 4

*Dowthitt v. State*, 931 S.W.2d 244 (Tex.Crim.App. 1996) . . . 3

*Miranda v. Arizona*, 384 U.S. 436 (1966) . . . . . 3

*Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App. 1991) . . 3

*Moses v. State*, 105 S.W.3d 622 (Tex.Crim.App. 2003) . . . 3

*Murray v. State*, 864 S.W.2d 111(Tex.App. – Texarkana 1993) . . 4

*Rhode Island v. Innis*, 446 U.S. 291 (1980) . . . . . 4

*Stallworth v. State*, 2012 Tex. App. LEXIS 1538 (Tex.App –Waco 2012) 4

**Statutes**

*Tex. Code Crim. Proc. Ann.* art. 38.22 (Vernon 2013) . . . 3-4

## STATEMENT OF THE CASE

The Statement of the case is as stated in appellant's brief page 6. The Reporter's Record will be referred to as "V1, V2, etc." unless otherwise noted. The Clerk's Record will be referred to as "CR1" or "CR2". Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

## ISSUES PRESENTED

## POINT OF ERROR 1:

The Trial Court abused its discretion in allowing the admission of certain questions and statements of Appellant that were made while Appellant was in custody in violation of his Fifth Amendment right against self-incrimination.

## STATEMENT OF FACTS

After Appellant eluded Deputy Johnny Gorden in a high speed pursuit that ended when he wrecked his vehicle. He was seen by the arresting officer getting out of the passenger side of the car fleeing on foot. (V3, P16-

- 1 -

23) After his capture and prior to his rights being read, Appellant asked the Deputy, why was he getting pulled over. Deputy Gorden told him it was for speeding and expired registration. Appellant told the Deputy he had a warrant out and begged him to let him go, to let him make it. (V3, P37, 39) Later, at the jail, Appellant volunteered that he was on parole. (V3, P39)

## SUMMARY OF ARGUMENT

**POINT OF ERROR 1 RESTATED:**

Appellant contends The Trial Court abused its discretion in allowing the admission of certain questions and statements of Appellant that were made while Appellant was in custody in violation of his Fifth Amendment right against self-incrimination.

## ARGUMENT

The statements were not the result of interrogation.

## STATE'S REPLY TO APPELLANT'S POINT OF ERROR:

A trial court's evidentiary rulings are viewed on appeal under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003).

Article 38.22 of the Code of Criminal Procedure prohibits the use of an oral statement of an accused made as a result of custodial interrogation unless an electronic recording is made of the statement, statutory warnings are given, and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warnings. *Tex. Code Crim. Proc. Ann.* art. 38.22 § 3(a) (Vernon 2013). *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), and article 38.22 apply only to custodial interrogation. *Tex. Code Crim. Proc. Ann.* art. 38.22, § 5; *Miranda*, 384 U.S. at 444; *Dowthitt v. State*, 931 S.W.2d 244, 263 (Tex.Crim.App. 1996). Section 5 of article 38.22 expressly provides that nothing in article 38.22 precludes the admission of statements

- 3 -

which do not stem from custodial interrogation. *Tex. Code Crim. Proc. Ann.* art. 38.22 § 5.

"Interrogation" is defined as any words or actions by the police that they should have known are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 301, (1980). Questioning which occurs as a normal incident of arrest and custody is not interrogation. *Id.* Further, offhand remarks, not designed to elicit a response, do not constitute custodial interrogation. *Id.*, 446 U.S. at 302; *Murray v. State*, 864 S.W.2d 111, 114 (Tex.App. – Texarkana 1993, pet. ref'd). Appellate courts determine the voluntariness of a statement based on an examination of the totality of the circumstances under which it was obtained. *Creager v. State*, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997); *Stallworth v. State*, 2012 Tex. App. LEXIS 1538 (Tex.App. – Waco 2012, pet. ref'd).

The statements Appellant made were not the result of questions posed by the arresting officer, but questions Appellant posed to him and as such are not the subject of interrogation and are admissible against him. In determining whether or not these statements were the subject of interrogation, the trial court only had the testimony of Deputy Gorden. As

-4-

questions of credibility are the sole discretion of the trial court, they must be determined in a light favorable to the trial court's ruling.

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration hereof affirm the decision of the Trial Court and overrule Appellant's Point of Error.

Respectfully submitted by,

**SCOTT C. HOLDEN**
1st Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
500 N. Church Street, RM 38
Palestine, Texas 75801
Texas Bar No. #24036795
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax/email to: Philip Fletcher on this the 12th day of August, 2015, in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure.

SCOTT C. HOLDEN, 1ST ASSISTANT
CRIMINAL DISTRICT ATTORNEY

## CERTIFICATE OF WORD COUNT

I also certify that the entire word count of the State's reply brief is 1,245 words.

SCOTT C. HOLDEN, 1ST ASSISTANT
CRIMINAL DISTRICT ATTORNEY